IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JOSEMANY JEAN FRANCOIS**                                                     **PLAINTIFF**

v.                                                             **CIVIL ACTION NO. 1:24-cv-00063-TBM-RPM**

**STATE OF MISSISSIPPI, et al.**                                               **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL**

This matter is before the Court *sua sponte* for consideration of partial dismissal. *Pro se* Plaintiff Josemany Jean Francois is an inmate currently housed at the Jackson County Adult Detention Center ("JCADC") in Pascagoula, Mississippi. *See* [17-1] at 1. He originally filed this lawsuit under 22 U.S.C. § 2241, seeking relief through a petition for writ of habeas corpus. [1], p. 1. But two of Plaintiff's grounds for relief concerned his conditions of confinement, and those claims arise under 42 U.S.C. § 1983. [1], pp. 1-3. Plaintiff's § 1983 claims were thus severed from his habeas claims and are the only claims at issue here. [1], pp. 1-3. Plaintiff names the State of Mississippi and Wendy Unknown as Defendants, and he is proceeding *in forma pauperis*. [9], pp. 1-3.

For the following reasons, the Court finds that Plaintiff's claims against the State of Mississippi must be dismissed with prejudice as frivolous and for failure to state a claim. At this early stage in the litigation, Plaintiff's claims against Defendant Wendy Unknown will proceed.

**I.     BACKGROUND**

The conditions described in Plaintiff's original Complaint occurred while he was incarcerated at the Hancock County Adult Detention Center in Bay St. Louis, Mississippi. [2], pp. 1, 6-7. But Plaintiff later advised the Court that he is not complaining about his treatment at

1

Hancock County. [17], p. 1. Instead, he is complaining about the conditions of his confinement at JCADC. [17], p. 1. Specifically, Plaintiff complains that officials at JCADC "put [him] in a cell full of mold on the walls, roof, bed rack, table, . . . [and] in the shower." [17], p. 1. Though Plaintiff was not physically injured by these conditions, [17], p. 1, he wants to sue "Ms. Wendy of classification," who chooses where inmates are housed at JCADC. [13], p. 1 (emphasis omitted). It is unclear what relief Plaintiff seeks. *See* [2], p. 7.

## II. DISCUSSION

Because Plaintiff is proceeding *in forma pauperis*, his Complaint is subject to the case-screening procedures outlined in the Prison Litigation Reform Act ("PLRA"). The PLRA mandates dismissal if at any time the Court determines the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "A complaint is frivolous if it lacks an arguable basis in either law or fact." *Fountain v. Rupert*, 819 F. App'x 215, 218 (5th Cir. 2020). "A complaint fails to state a claim upon which relief may be granted if, taking the plaintiff's allegations as true, he could prove no set of facts in support of his claim that would entitle him to relief." *Id*.

This framework "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (quotation omitted). In an action proceeding under § 1915, courts may "evaluate the merit of the claim *sua sponte*." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990) (emphasis added). "Significantly, the court is authorized

to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* So long as the plaintiff "has already pleaded his best case," *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (quotation omitted), and his "insufficient factual allegations [cannot] be remedied by more specific pleading," *see Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994), the Court may dismiss a claim *sua sponte*.

To maintain an action under § 1983, Plaintiff must allege that a person acting under color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983. Plaintiff "cannot sue the State of Mississippi under § 1983 because it is not a 'person' for purposes of that statute." *See Jackson v. Miss.*, No. 5:12-cv-00094-DPJ-FKB, 2012 WL 5185726, at *1 (S.D. Miss. Oct. 18, 2012) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 109 S.Ct. 2304, 105 L.E.2d 45 (1989)). His claims against the State of Mississippi must be dismissed with prejudice as frivolous and for failure to state a claim. *See Smith v. Management and Training Corp.*, No. 3:17-cv-00629-CWR-FKB, 2017 WL 5078778, at *2-3 (S.D. Miss. Nov. 3, 2017). Because Plaintiff's pleadings lack sufficient detail about his conditions-of-confinement claims, they will proceed against Defendant Wendy Unknown at this time.

### III.     CONCLUSION

Having considered the entire record and applicable law, the Court dismisses Plaintiff's claims against the State of Mississippi with prejudice as frivolous and for failure to state a claim.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff Josemany Jean Francois' claims against the State of Mississippi are **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). The State of Mississippi is dismissed as Defendant, and the Clerk of Court shall terminate it as Defendant on

the Court's docket.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff's claims against Defendant Wendy Unknown will proceed at this time. An Order issuing Notice of Lawsuit and Request for Waiver of Service will be issued in due course, but the Court expresses no opinion about whether Plaintiff's remaining claims will or will not be determined to be meritorious.

**THIS, the 26th day of November, 2024.**

                                            **TAYLOR B. McNEEL**
                                            **UNITED STATES DISTRICT JUDGE**